**KNOWLTON SPECIALTY PAPERS, INC., Plaintiff–Appellant,**

v.

**ROYAL SURPLUS LINES INSURANCE COMPANY and Royal Specialty Underwriting, Inc., Defendant–Appellee.**

No. 03–9277.

United States Court of Appeals, Second Circuit.

Oct. 29, 2004.

Eugene R. Anderson, (Samuel M. Meirowitz, on the brief) Anderson Kill & Olick, P.C., New York, New York, for Appellant.

Frederic R. Mindlin, (Jodi S. Tesser, on the brief) Mound Cotton Wollan & Greengrass, New York, New York, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Hon. SONIA SOTOMAYOR, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

We assume that the parties are familiar with the facts, the procedural history and the scope of the issues presented on appeal. This Court reviews the district court's grant of summary judgment *de novo. See Young v. County of Fulton,* 160 F.3d 899, 902 (2d Cir.1998). In doing so, this Court is required to construe the evidence in the light most favorable to the non-moving party and to draw all reasonable inferences in its favor. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Maguire v. Citicorp Retail Servs., Inc.,* 147 F.3d 232, 235 (2d Cir.1998).

The insurance binder at issue recites: a liability limit of $31,380,000 per occurrence; the method of valuation of loss as replacement cost for building and contents, and as actual loss for business interruption; and attachment of the "Occurrence Limit of Liability Endorsement" (the "Endorsement"). By its nature, a binder is "necessarily incomplete." *World Trade Center Properties, L.L.C. v. Hartford Fire Ins. Co.,* 345 F.3d 154, 169 (2d Cir.2003). It is therefore of no consequence that the endorsement is not actually attached; it is incorporated by reference and makes sufficiently clear that the coverages are scheduled rather than blanket. *See Monumental Paving & Excavating Inc. v. Pennsylvania Mfg. Ass'n Ins. Co.,* 176 F.3d 794, 799 (4th Cir.1999) (defining "blanket" policy as insurance term of art). The $31,380,000 property limit substantially corresponds to a schedule of property values by location set forth in the insurance proposal submitted by the policyholder's broker.

After issuance of the binder and before issuance of any policy, the policyholder suffered property damage (which has been covered by the insurer) and resulting business income loss. The extent of coverage for that business income loss is disputed. The actual amount of the business income loss is $9,169,088. The insurer contests that portion of the claim exceeding the scheduled limit of "business income" coverage in the prior policy, that is, $3,000,000. The policyholder contends that the entire increment in the policy limit (from the prior year to the limit stated in the binder) is or should be available for the business interruption coverage.

As we read the documents, the incorporation by reference of the Endorsement is effective. The Endorsement in turn references the "Statement of Values on file" with the company. However, the recitation of values in the insurance proposal submitted by the insured's agent would seem to leave no amount under the policy limit remaining for any scheduled business interruption loss. That is obviously not the intent of the parties: the insurer and the policyholder agree that they intended no diminution of the limit available for business interruption. For purposes of ascertaining the limit available for business interruption, the only schedule of values "on file with" the insurer that can be consulted to ascertain the limits referenced in the Endorsement is the schedule of values previously in effect under the expired insurance contract of the prior policy year. That is $3,000,000.

For the foregoing reasons, the district court's judgment is AFFIRMED.